UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MERCK & CIE, ET AL. | § § § § | |
| Plaintiff, | § § | |
| -vs.- | § § | C.A. NO. 6:12-cv-27-LED |
| MACOVEN PHARMACEUTICALS, ET AL. | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

Plaintiffs/Counterclaim-Defendants Merck & Cie, et al. ("Merck" or "Plaintiffs"), by and through their undersigned attorneys, as and for their Reply to the Counterclaim of Macoven Pharmaceuticals, L.L.C. ("Macoven"), answer as follows:

**DEFENDANT'S COUNTERCLAIMS**

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

1. Upon information and belief, Macoven Pharmaceuticals, L.L.C. ("Macoven") is a Louisiana limited liability company having a principal place of business at 33219 Forest West Dr., Magnolia, TX 77354.

2. Merck admits the allegations of Paragraph 2.

3. Merck admits the allegations of Paragraph 3.

4. Merck admits the allegations of Paragraph 4.

5. Merck admits that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and under Rule 13 of the Federal Rules of Civil Procedure. Merck further admits that the controversy relates to United States Patent Nos. 5,997,915, 6,011,040, 6,254,904, 6,673,381, 7,172,778, 7,674,490 (collectively the "patents-in-suit"). Merck also admits that plaintiffs' claims purport to arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§

2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. § 271, *et seq.*. In all other respects, the allegations of Paragraph 5 are denied.

6. Merck admits the allegations of Paragraph 6.

7. Merck admits the allegations of Paragraph 7.

8. Merck admits the allegations of Paragraph 8.

## COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF PATENT NON-INFRINGEMENT

9. Merck hereby incorporates its responses to paragraphs 1-8 and otherwise denies the allegations of Paragraph 9.

10. Merck admits that Macoven has brought a declaratory judgment counterclaim seeking a determination that Macoven does not infringe the patents in suit.

11. Merck admits to alleging that Macoven either directly or indirectly infringes each of the patents-in-suit in the State of Texas and this judicial district. Merck otherwise denies the allegations of Paragraph 11.

12. Merck denies the allegations of Paragraph 12.

13. Merck admits that there is a sufficient controversy as to permit jurisdiction of Macoven's counterclaim under 28 U.S.C. §§ 2201 and 2202.

14. Merck incorporates its responses to Paragraphs 9-13. To the extent a further response is necessary, Merck denies that a determination and declaration of non-infringement is proper.

## COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF PATENT INVALIDITY

15. Merck hereby incorporates its responses to paragraphs 1-14 and otherwise denies the allegations of Paragraph 15.

16. Merck admits that Macoven has brought a declaratory judgment counterclaim seeking a determination that the patents in suit are not valid.

17. Merck denies the allegations of Paragraph 17.

18. Merck admits that there is a sufficient controversy as to permit jurisdiction of Macoven's counterclaim under 28 U.S.C. §§ 2201 and 2202.

19. Merck incorporates its responses to Paragraphs 15-18.  To the extent a further response is necessary, Merck denies that a determination and declaration of invalidity is proper.

20. Macoven's jury demand does not require an answer.

21. Merck denies that Macoven is entitled to any of the relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Merck reserves the right to amend its answers to assert additional affirmative defenses that discovery may show exist.

Dated: April 2, 2012

                Respectfully submitted,

                By: s/ Dwayne C. Norton
                Dwayne C. Norton (Texas Bar No. 24076139)
                Alston & Bird LLP
                2828 North Harwood Street
                18th Floor
                Dallas, Texas 75201-2139
                Phone: 214-922-3437
                Fax: 214-922-3847
                Dwayne.norton@alston.com

                Thomas J. Parker
                Robert E. Hanlon

>Alston & Bird LLP
>90 Park Avenue
>New York, New York 10016
>Tel: 212-210-9400
>Fax: 212-210-9444
>thomas.parker@alston.com
>robert.hanlon@alston.com
>
>*Attorneys for Plaintiffs Merck & Cie, Pamlab LLC and South Alabama Medical Science Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

>*/s/ Dwayne C. Norton*
>Dwayne C. Norton